J-A31028-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHAD EVERETT WANDEL | |
| Appellant | No. 554 MDA 2015 |

Appeal from the Judgment of Sentence January 16, 2014
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0004005-2012

BEFORE:  PANELLA, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PANELLA, J.                    **FILED JANUARY 29, 2016**

Appellant, Chad Everett Wandel, appeals from the judgment of sentence entered January 16, 2014, in the Court of Common Pleas of Luzerne County, following his conviction of Driving Under the Influence of Alcohol, Minors – 1st Offense.[1]  We affirm.

A panel of this Court previously described the history of this case as follows.

> On April 21, 2011, shortly after midnight, Sergeant Damian Hoover ("Sergeant Hoover") of the Lehman Township Police Department responded to a motor vehicle crash on State Route 118 near Pike's Creek Park involving a silver Audi and a motorcycle.  By the time Sergeant Hoover arrived at the scene, paramedics had transported the driver of the motorcycle to the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(e).

local hospital and Wandel, the driver of the silver Audi, had fled the scene of the crash. However, while Sergeant Hoover was investigating the crash, Wandel's father returned Wandel to the scene. While Sergeant Hoover questioned Wandel, who was 18-years-old on the night in question, he noticed an odor of alcohol on Wandel's person and breath. Sergeant Hoover placed Wandel under arrest and transported him to Wilkes-Barre General Hospital for a blood alcohol concentration ("BAC") test. The test revealed that Wandel's BAC was .047 percent.

On November 25, 2013, following a bench trial, the trial court found Wandel guilty of DUI – minors. On January 6, 2014, the trial court sentenced Wandel to seven days to six months of house arrest. Additionally, the trial court also fined Wandel $500.00, required him to enroll in an alcohol highway safety program, undergo evaluation for drug and alcohol treatment, and pay $307.00 to Wilkes-Barre General Hospital in restitution for his BAC test. Wandel also received a PENNDOT imposed driver's license suspension. That same day, Wandel filed post-sentence motions. On January 14, 2014, the trial court denied Wandel's post-sentence motions.

*Commonwealth v. Wandel*, 106 A.3d 155 at *1-2 (Pa. Super. 2014) (memorandum opinion).

On appeal, Wandel challenged the sufficiency of the evidence to support his convictions, arguing that the Commonwealth failed to present evidence that the BAC result was reliable and accurate. *See id*. at 2-3. Finding that this argument incorrectly presented a weight of the evidence argument, rather than a challenge to the sufficiency of the evidence, the panel rejected Wandel's claim and affirmed the judgment of sentence. *See id*. at 7-8. Subsequent thereto, the trial court granted Wandel permission to file a *nunc pro tunc* post-sentence motion challenging the weight of the evidence. Wandel filed a post-sentence motion raising a weight of the

evidence claim on January 15, 2015. The trial court denied Wandel's motion on February 25, 2015. This timely appeal followed.

Wandel phrases the issue raised on appeal as follows.

> **A blood test's reliability.** For DUI-minor, blood-alcohol content may not be 0.02% or higher within two hours after the minor has driven. Here, the Commonwealth presented sufficient evidence for Wandel's blood-alcohol result. The Commonwealth's evidence, however, demonstrates the approved laboratory blood-testing machine's calibration produces unreliable and inaccurate results at low alcohol concentrations. Therefore, did the lower court abuse its discretion in finding Wandel's alcohol concentration was .02% or higher with-in two hours of driving?

Appellant's Brief at 4.

Wandel concedes that the evidence was sufficient to support his conviction of DUI-Minors.[2] He argues, however, that the BAC result is inaccurate and unreliable because, according to his expert's opinion, the laboratory at the Wilkes-Barre General Hospital incorrectly calibrates the gas chromatograph instrument used to measure his BAC. *See* Appellant's Brief at 12-25.

_____

[2] Section 3802(e) of the Vehicle Code states that

> [a] minor may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the minor's blood or breath is 0.02% or higher within two hours after the minor has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa.C.S.A. § 3802(e).

We disagree with Wandel's argument. As this Court noted when Wandel raised a similar, if not identical argument on his prior direct appeal, Wandel essentially asks us to "afford more weight to the testimony of his expert witness over that of the Commonwealth's expert, the medical technologist who ran Wandel's BAC test." *Wandel*, 106 A.3d 155 at *7. This we cannot do.

> When the challenge to the weight of the evidence is predicated on the credibility of trial testimony, our review of the trial court's decision is extremely limited. Generally, unless the evidence is so unreliable and/or contradictory as to make any verdict based thereon pure conjecture, these types of claims are not cognizable on appellate review. Moreover, where the trial court has ruled on the weight claim below, an appellate court's role is not to consider the underlying question of whether the verdict is against the weight of the evidence. Rather, appellate review is limited to whether the trial court palpably abused its discretion in ruling on the weight claim.

*Commonwealth v. Gibbs*, 981 A.2d 274, 282 (Pa. Super. 2009) (internal quotes and citations omitted).

Initially, it is uncontested that Wilkes-Barre General Hospital is licensed and approved by the Pennsylvania Department of Health to conduct BAC testing. *See* N.T., Trial, 11/25/13 at 112-113. Thus, there exists a rebuttable presumption that the BAC test results are valid. *See Commonwealth v. Renninger*, 682 A.2d 356, 359 (Pa. Super. 1996) (judicial notice of the laboratory's certification created a rebuttable presumption of validity).

At trial, Wilkes-Barre General Hospital medical technologist Susan Androckitis testified that she ran a calibration and control sample in the gas

chromatograph machine prior to testing Wandel's blood sample and that the machine she utilized to test Wandel's BAC on April 23, 2011, was properly calibrated in accordance with the procedures established by the College of American Pathologists. **See** N.T., Trial, 11/25/13 at 117-120. Ms. Androckitis certified that "[a]ll the samples I have reviewed before court here today have been – have been acceptable and correct." **Id**. at 125.

"[T]he finder of fact was free to believe the testimony of certain of the Commonwealth's witnesses and to disbelieve the testimony of another." **Gibbs**, 981 A.2d at 282 (citation omitted). This Court cannot substitute its judgment for that of the trier of fact. **See id**. Here, the trial court credited the testimony of the medical technologist with 28 years of experience who ran Wandel's BAC test and conducted the calibration testing on the gas chromatograph machine rather than that of Wandel's expert, who reviewed the analytical data for the BAC test. **See** Trial Court Opinion, 2/24/15 (incorporating by reference the Opinion dated 3/18/14 at 6-7). As Ms. Androckitis testified that the machine was properly calibrated and she had extensive experience using the machine, the court was free to accept her testimony. We therefore find no abuse of discretion in the denial of the weight of the evidence claim.

.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/29/2016